**FILED** **LM**
4/3/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AO 91 (Rev. 11/11) Criminal Complaint                    AUSA Rachel Gurley, (312) 353-5370

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

UNITED STATES OF AMERICA

v.

JEREMY JONES,
CHRISTOPHER DENSMORE, and CARMELL
MASSEY

CASE NUMBER: 26 CR 148

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

### Count One

On or about April 2, 2026, at Chicago, in the Northern District of Illinois, Eastern Division, Defendants JEREMY JONES, CHRISTOPHER DENSMORE, and CARMELL MASSEY violated:

**Code Section**
Title 18, United States Code, Sections 2114(a) and 2

**Offense Description**
attempted robbery of a person having lawful charge, control, and custody of any money or other property of the United States, and, in effecting such attempted robbery, put that person's life in jeopardy by the use of a dangerous weapon, namely, a firearm

### Count Two

On or about April 2, 2026, at Chicago, in the Northern District of Illinois, Eastern Division, Defendants JEREMY JONES, CHRISTOPHER DENSMORE, and CARMELL MASSEY violated:

**Code Section**
Title 18, United States Code, Sections 924(c)(1)(A) and 2

**Offense Description**
knowingly brandished a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, attempted robbery of property of a person having control of money of the United States, in violation of Title 18, United States Code, Section 2114(a), as further set forth in Count One of this Complaint

This criminal complaint is based upon these facts:
  X   Continued on the attached sheet.

ERIC KOSLOWSKI
Digitally signed by ERIC KOSLOWSKI
Date: 2026.04.03 12:20:36 -05'00'

ERIC KOSLOWSKI
Special Agent, Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: April 3, 2026

_____
Judge's signature

City and state: Chicago, Illinois

YOUNG B. KIM, U.S. Magistrate Judge
Printed name and title

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## AFFIDAVIT

I, Eric Koslowski, being duly sworn, state as follows:

1.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF), and have been employed in such capacity since approximately May 2014. My current responsibilities include the investigation of federal crimes involving the criminal use and possession of firearms.

2.      This affidavit is submitted in support of a criminal complaint alleging that JEREMY JONES, CHRISTOPHER DENSMORE, and CARMELL MASSEY have violated Title 18, United States Code, Section 2114(a), by attempting to rob an individual who had lawful charge, control, or custody of money or other property of the United States; and Title 18, United States Code, Section 924(c)(1)(A), by brandishing a firearm during and in relation to a crime of violence, namely, the attempted robbery charged in Count One.

3.      Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging JEREMY JONES, CHRISTOPHER DENSMORE, AND CARMELL MASSEY with the attempted robbery of an individual who had lawful charge, control, and custody of money of the United States, and brandishing a firearm during and in relation to a crime of violence, namely, the attempted robbery, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I

believe are necessary to establish probable cause to believe that the defendants committed the offenses alleged in the complaint.

4. This affidavit is based on my personal knowledge, my training and experience, my review of video footage, information provided to me by other law enforcement personnel and witnesses, and the training and experience of other law enforcement officers with whom I have spoken.

## I.  FACTS SUPPORTING PROBABLE CAUSE

5. In summary, between on or about March 28, 2026, and on or about April 2, 2026, an ATF undercover officer ("UC-1") conversed with and scheduled to purchase two firearms from JEREMY JONES ("JONES") through Instagram messages. On or about 11:30 a.m. on April 2, 2026, UC-1 and UC-2 met with JONES for the purpose of purchasing the two firearms. At the meeting, JONES, CHRISTOPHER DENSMORE ("DENSMORE"), and CARMELL MASSEY ("MASSEY") used a firearm to attempt to rob UC-1 of $600 in government funds that UC-1 planned to use to purchase one of firearms from JONES. In response to JONES pointing a firearm at him/her, UC-1 fired one shot at JONES. After attempting to flee, JONES, DENSMORE, and MASSEY were arrested at the scene, and a search of their vehicle produced one firearm. All of the government funds were recovered. After receiving *Miranda* warnings, JONES and DENSMORE admitted that they previously planned to rob UC-1 of the money before the deal took place.

2

### A.  Background of Investigation

6.  Based on my knowledge of this investigation and according to UC-1, on or about March 28, 2026, JONES advertised firearms, including a Glock Model 19 pistol and a purple and black colored Ruger pistol, for sale on his Instagram account, using the handle "@spoodyfrm76th". Photographs of the purple and black colored Ruger Security-9 pistol, bearing serial number 386-66626, are shown below.



7.  Based on my knowledge of this investigation and according to UC-1, on or about March 28, 2026, UC-1 contacted JONES about the Glock Model 19 pistol and the purple and black colored Ruger pistol through an undercover Instagram account. According to law enforcement officers, including UC-1, JONES and UC-1 exchanged messages through Instagram about purchasing the two firearms from on or about March 28, 2026 to on or about April 2, 2026. JONES and UC-1 had previously

communicated on and off through Instagram messages since as early as on or about May 8, 2025.

8. According to law enforcement officers, including UC-1, JONES and UC-1 initially arranged for UC-1 to purchase the Glock Model 19 pistol and the purple and black colored Ruger pistol on April 2, 2026 for $1,400.00 ($800 for the Glock and $600 for the Ruger), in the back of the Store A parking lot, located on the 2500 block of West 95th Street in Evergreen Park, Illinois. On the morning of April 2, another ATF undercover officer ("UC-2") accompanied UC-1 for back up and to carry extra money, if needed. Approximately two hours prior to the meeting, JONES instructed UC-1 to instead meet him at Store B, located in the 10900 block of South Doty Avenue in Chicago, Illinois, because Store A was "too hot."[1]

**B. Attempted Armed Robbery of UC-1 on April 2, 2026**

9. According to law enforcement officers, UC-1 and UC-2 arrived at the meet location, the southeast corner of the parking lot of Store B, located in the 10900 block of South Doty Avenue in Chicago, Illinois, between approximately 10:45 a.m. and 11:00 a.m., in the UCV.

10. ATF vehicles were stationed at and around Store B to conduct surveillance during the buy and to provide backup to UC-1 and UC-2. According to law enforcement officers conducting surveillance, JONES arrived in the parking lot of Store B at approximately 11:30 a.m. in a black Chevrolet Cruze sedan, bearing

---

[1] Based on my training and experience, I understand Store A being "too hot" to mean that there was law enforcement present at Store A, which demonstrates that JONES may have been doing countersurveillance prior to the attempted robbery.

4

Illinois registration number FY30444 ("Vehicle 1"), driven by MASSEY. JONES was in the front passenger's seat, and DENSMORE was in the rear passenger's seat. According to law enforcement surveillance and reports, JONES uses crutches to walk.

11. According to law enforcement conducting surveillance, upon arriving in the parking lot of Store B, UC-2 moved from the front passenger seat to the back seat of the UCV, while UC-1 remained in the driver's seat. DENSMORE exited the rear passenger door of Vehicle 1, wearing a surgical mask around his neck, and entered the front passenger seat of the UCV.

12. According to law enforcement, after DENSMORE entered the UCV, he showed UC-1 a purple and black colored Ruger pistol. He handed the firearm to UC-1, who examined it, removed the magazine, and set it down on the center console. DENSMORE then grabbed the firearm and loaded the magazine back into it, stating that he wanted the money first. Based on law enforcement reporting and observations, after DENSMORE and UC-1 could not come to an agreement on whether the firearm or the money would be exchanged first, DENSMORE exited the UCV and reentered the rear passenger seat of Vehicle 1.

13. According to law enforcement conducting surveillance, UC-1 then exited the UCV and approached the front passenger side of Vehicle 1 with government funds in the amount of $600.00 ("the buy money") for the Ruger pistol, which he/she presented to JONES. JONES then grabbed the money and UC-1 through the open front passenger window of Vehicle 1, and JONES and UC-1 began fighting over the money.

5

14. According to law enforcement, as the struggle ensued, JONES, who was sitting in the front passenger seat of Vehicle 1, pointed a firearm at UC-1, namely, the same purple and black colored Ruger pistol that DENSMORE had just showed to UC-1 in the UCV.

15. According to law enforcement, in response to JONES pointing the firearm at him/her, UC-1 pulled out his/her firearm and fired one gunshot at JONES, which struck Vehicle 1.

16. At approximately the same time, UC-1 and UC-2 gave audible signals to the other law enforcement present conducting surveillance to move in and arrest JONES, DENSMORE, and MASSEY.

17. According to law enforcement, JONES, DENSMORE, and MASSEY attempted to escape after UC-1 fired his/her weapon. MASSEY, the driver of Vehicle 1, drove his vehicle head on into an ATF Vehicle that had its lights and sirens activated.

18. According to law enforcement, after ATF vehicles disabled Vehicle 1 by blocking/pinning it, DENSMORE exited the rear passenger side door and put his hands up. JONES was seated in the front passenger seat of Vehicle 1, and responding law enforcement officers removed him from the vehicle due to his mobility disability. MASSEY, who was the driver of Vehicle 1, exited the driver's seat and put his hands up, but he did not listen to commands and actively resisted arresting officers.

19. JONES, DENSMORE, and MASSEY were arrested at the scene and taken into custody. Law enforcement officers searched Vehicle 1 and retrieved one

firearm, a purple and black colored Ruger Security-9 pistol bearing serial number 386-66626. Photographs of the purple and black colored Ruger Security-9 pistol, bearing serial number 386-66626, after it was recovered by law enforcement are shown below.

  

 

20.     According to law enforcement officials, $600.00 in buy money was later recovered from the UCV.

7

### C. Post-*Miranda* Statements

21. Following their arrests and receipt of *Miranda* Warnings, JONES and DENSMORE admitted that they previously planned to rob UC-1 of the buy money before the deal took place. MASSEY claimed that he was unaware of the planned robbery until UC-1 and JONES began physically struggling over the buy money.

## II. CONCLUSION

22. Based on the foregoing facts, I respectfully submit that there is probable cause to believe that on or about April 2, 2026, Jeremy JONES, Christopher DENSMORE, and Carmell MASSEY violated Title 18, United States Code, Sections 2114(a),924(c)(1)(A), and 2.

FURTHER AFFIANT SAYETH NOT.

ERIC KOSLOWSKI
Digitally signed by ERIC KOSLOWSKI
Date: 2026.04.03 12:21:01 -05'00'

Eric Koslowski
Special Agent, Bureau of Alcohol, Tobacco, Firearms & Explosives

SWORN TO AND AFFIRMED by telephone on April 3, 2026.

Honorable YOUNG B. KIM
United States Magistrate Judge

8